IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COLBY ALLEN SMITH,

    Petitioner,

v.                                     CASE NO. 1:12-cv-260-RV-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## REPORT & RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. Doc. 1. Respondent filed a response and an appendix with the state-court record. Doc. 15. Although given an opportunity to do so, Petitioner did not file a reply. Upon due consideration of the Petition, the response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

### Summary of State Court Proceedings

Petitioner was charged by Information with one count of burglary and assault while armed with a firearm, and one count of aggravated assault with a firearm. Doc. 15-1 at 49. On January 6, 2005, after a jury trial, Petitioner was found guilty as to count one of the lesser included offense of burglary and assault; Petitioner was found not

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

guilty as to count two. Doc. 15-1 at 82-83. On February 14, 2005, Petitioner was sentenced to life imprisonment with nine months credit for time served. Doc. 15-1 at 105.

On February 22, 2005, through counsel, Petitioner filed a motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure after Pernisha Welcome, a victim and state witness who testified at Petitioner's trial, submitted an affidavit recanting her testimony. Doc. 15-1 at 115-16. Petitioner's motion was dismissed without prejudice on March 22, 2005 for procedural deficiencies, and for failing to make out a prima facie case for relief. Doc. 15-1 at 119.

On July 25, 2005, through counsel, Petitioner filed a second Rule 3.850 motion based on Ms. Welcome's recantation of her testimony. Doc. 15-1 at 141. This motion was denied on January 18, 2006 as untimely. Doc. 15-1 at 158.

On February 2, 2006, Petitioner *pro se* filed a third Rule 3.850 motion based on Ms. Welcome's recantation of testimony. Doc. 15-1 at 167. This motion was denied on April 26, 2006 on the merits. Doc. 15-1 at 176. On April 26, 2006, Petitioner filed a Motion For Rehearing. Doc. 15-1 at 217. On June 20, 2006, the trial court granted Petitioner's motion for rehearing, scheduled an evidentiary hearing, and appointed counsel to represent Petitioner. Doc. 15-1 at 233-34. On April 16, 2007, after a deposition of Ms. Welcome, in which she recanted her original recantation (and thus affirmed her trial testimony), the trial court summarily denied Petitioner's motion on the merits. Doc. 15-1 at 242-44.

On June 5, 2007, the First District Court of Appeal granted Petitioner's belated

appeal of his conviction and sentence in case number 1D06-6374. Doc. 15-2 at 45. Petitioner's appellate counsel filed an *Anders*[2] brief on January 10, 2008. Doc. 15-3 at 138. On February 29, 2008, Petitioner filed a *pro se* brief, arguing four points of error regarding his motion for a speedy trial. Doc. 15-3 at 149. On October 14, 2008, the First DCA affirmed Petitioner's conviction and sentence, but remanded for correction of a scrivener's error. Doc. 15-4 at 9-10. The court issued its mandate on November 12, 2008. Doc. 15-4 at 12.

On September 4, 2007, Petitioner again filed a *pro se* Rule 3.850 motion, arguing that newly discovered evidence—Ms. Welcome's post-trial letters and deposition testimony—establish Petitioner did not commit the crime for which he was convicted. Doc. 15-2 at 121-30. On September 7, 2007, the trial court denied the motion as facially insufficient, and jurisdictionally improper—as the trial court is without jurisdiction during Petitioner's appeal to the First DCA, which was pending at that time. Doc. 15-2 at 152-55.

On February 13, 2009, Petitioner filed another *pro se* Rule 3.850 motion for post-conviction relief, alleging that newly discovered evidence concerning two new eyewitnesses warranted the withdrawal of his conviction and sentence. Doc. 15-4 at 48-60. The trial court held an evidentiary hearing to hear the new eyewitnesses' testimony on September 16, 2009. Doc. 15-4 at 77. The new testimony offered at the evidentiary hearing was found to be inconsistent and failed to create reasonable doubt of Petitioner's guilt. Doc. 15-4 at 79. On December 8, 2009, the trial court denied

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

Petitioner's motion on the merits.  Doc. 15-4 at 76-80.

On December 16, 2009, Petitioner filed a Notice of Appeal to the First DCA to review the trial court's denial of his most recent motion for post-conviction relief.  Doc. 15-4 at 81.  The First DCA *per curiam* affirmed on August 11, 2010.  Doc. 15-5 at 40.  Petitioner filed a motion for rehearing on August 30, 2010.  Doc. 15-5 at 42.  This motion was denied September 30, 2010.  Doc. 15-5 at 47.  Mandate issued on October 14, 2010.  Doc. 15-5 at 49; *Smith v. State*, 45 So.3d 466 (Fla. 1st Dist. Ct. App. 2010).

On October 25, 2010, Petitioner filed a *pro se* Rule 3.850 motion for post-conviction relief, asserting five grounds of ineffective assistance of trial counsel.  Doc. 15-6 at 36.  The trial court denied Petitioner's motion on January 10, 2012.  Doc. 15-6 at 61.  Petitioner then filed an appeal to the First DCA.  Doc. 15-6 at 182.  On July 13, 2012, the First DCA *per curiam* affirmed the denial of Petitioner's motion for post-conviction relief.  Doc. 15-7 at 2.  Mandate issued on August 8, 2012.  Doc. 15-7 at 4; *Smith v. State*, 93 So.3d 1019 (Fla. 1st Dist. Ct. App. 2010).

On September 25, 2012, Petitioner filed another *pro se* Rule 3.850 motion for post-conviction relief, asserting newly discovered evidence consisting of a person who purportedly was informed by Ms. Welcome that Petitioner was not involved in the crimes for which he was convicted.  Doc. 15-7 at 6.  On December 7, 2012, the trial court issued an order directing Petitioner to show cause why he should not be barred from filing further *pro se* motions due to frivolous filings.  Doc. 15-7 at 21.  Petitioner filed a response to the order to show cause on January 7, 2013.  Doc. 15-8 at 2.  This motion was still pending at the time Respondent filed the response in this case.

On November 13, 2012, Petitioner filed the instant habeas petition. Doc. 1. Petitioner asserts in ground one that his due process rights were violated in the state post-conviction process because the state courts improperly weighed and incorrectly evaluated newly discovered evidence. Doc. 1 at 4. In ground two, Petitioner asserts that jury instructions at his trial were erroneous which resulted in his conviction. Doc. 1 at 4.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to

properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### Section 2254 Standard of Review

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the

state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at 15 (stating that the standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*.

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 15 (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. at 16 (quoting *Harrington*, 562 U.S. at 102). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 562 U.S. at 102).

## DISCUSSION

***Ground 1: The state court did not violate Petitioner's due process rights when evaluating and weighing evidence during the state post-conviction review process.***

Petitioner alleges that the state courts violated his due process rights by failing to

vacate his conviction or grant him a new trial after newly discovered evidence allegedly exonerated him. Respondent counters that Petitioner failed to exhaust this claim, and even if Petitioner had exhausted his claim, this claim is not a cognizable federal claim eligible for habeas relief.

Petitioner bases ground one of his habeas petition on the proceedings emanating from his Rule 3.850 motion filed February 13, 2009. An evidentiary hearing was held, in which testimony was taken from two new witnesses, who claimed to have knowledge of Petitioner's innocence. The trial court therafter denied Petitioner's motion, finding that the testimony of the newly discovered eyewitnesses likely would not result in an acquittal on retrial. Doc. 15-4 at 76-80. The ruling was appealed and *per curiam* affirmed by the First DCA. Doc. 15-5 at 49; *Smith v. State*, 45 So.3d 466 (Fla. 1st Dist. Ct. App. 2010).

The claim is due to be denied because first Petitioner did not properly exhaust the claim in state court. To exhaust, Petitioner must have alleged federal constitutional claims, thus providing the state courts an opportunity to resolve them. *O'Sullivan*, 526 U.S. at 845. Petitioner failed to raise any federal claims in the filings relating to his February 13, 2009 Rule 3.850 motion either in the motion or on appeal. Doc. 15-4 at 48-60; Doc. 15-5 at 9-29. Accordingly, this claim is unexhausted and procedurally defaulted unless Petitioner can establish cause and prejudice to excuse the procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that a state procedural waiver of a federal claim will serve to bar to federal habeas review of the claim absent a showing of "cause and prejudice") (internal quotation marks omitted).

Petitioner has failed to do so and has not offered any facts suggesting cause for failing to raise the claim nor has he demonstrated prejudice as a result of the failure to raise the claim.

However, even if Petitioner had exhausted this claim, it is due to be denied because the claim is not cognizable on federal habeas review. As the Eleventh Circuit has stated:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.' *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), cert. denied, — U.S. — 130 S.Ct. 500, 175 L.E. 2d 355 (2009). There is a valid reason behind this principle: '[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - *i.e.*, the conviction itself - and thus habeas relief is not an appropriate remedy.' *Carroll*, 574 F.3d at 1365.

*Alston v. Dep't of Corr.*, 610 F.3d 1318, 1325 -1326 (11th Cir. 2010).

Collateral criminal proceedings in Florida are a state-created right, and a challenge to those proceedings concerns matters of state law that do not provide a basis for federal habeas relief. *Alston*, 610 F.3d at 1326. In view of this authority, it is clear that Petitioner's first claim concerns state collateral proceedings and not a direct attack on the validity of the fact or length of his confinement. This claim is therefore due to be dismissed.

### Ground 2: The jury instructions were not erroneous and did not violate Petitioner's due process rights.

Petitioner contends that the jury instruction for burglary with person assaulted given at his criminal trial allowed the jury to find him guilty of a count he was not

charged with, and related to a victim who was not named in the Information. [3] Respondent argues that this claim has not been exhausted, and is thus procedurally defaulted.

Petitioner, by his own admission, did not raise a federal or constitutional challenge to allegedly erroneous jury instructions in his direct appeal. Doc. 1 at 5. A defendant is required to raise any claim regarding jury instruction error during the direct appeal process. *Gorham v. State*, 521 So.2d 1067, 1070 (Fla. 1988). Accordingly, this claim is unexhausted and procedurally defaulted unless Petitioner can establish cause and prejudice to excuse the procedural default. *See Wainwright*, 433 U.S. at 87. Petitioner has failed to allege any facts suggesting there was cause for failing to raise th claim nor has he established prejudice.

Nonetheless, even if Petitioner had exhausted this claim, the claim does not raise a constitutional issue subject to habeas review. That is because jury instructions are a matter of state law, and are evaluated in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982). The inquiry on habeas review is whether there is a "reasonable likelihood" that the jury applied the challenged instruction in a way that violates the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 72 & n.4 (1991).

In the present case, there is not a "reasonable likelihood" that the jury instruction

---

[3] The challenged instruction read to the jury was: "If you find in the course of committing the Burglary Defendant made an Assault upon any person you can find Defendant guilty of Burglary with Assault." Defendant says this was error because the instruction was no limited to Pernish Welcome, the individual who the state charged the Petitioner assaulted.

and resulting conviction violated the Constitution. The jury instructions at issue were consistent with the charges delineated in the Information and the evidence presented at trial. Doc. 15-1 at 69-94. Accordingly, the instructions were appropriate and Petitioner is not entitled to habeas relief on this claim.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 22nd  day of June, 2015.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.